UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23216-CIV-LENARD/GARBER

AXIS REINSURANCE COMPANY,

    Plaintiff,

v.

SCOTT SMITH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received Axis Reinsurance Company's Motion for Entry of Final Default Judgment [DE 13]. The Court respectfully recommends that this Motion be GRANTED.

Axis Reinsurance Company issued Scott Smith a time hull policy of marine insurance, which provided coverage for his yacht. The yacht sank, and Axis brought a declaratory action against Scott Smith under the Court's Admiralty jurisdiction. Smith was properly served and, after failing to respond to the complaint, a clerk's default was entered against him. Axis now moves for entry of final judgment.

The principal consequence of the clerk's default is that all well-pled allegations are deemed admitted. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). But any judgment the Court enters must still have a sufficient factual foundation. Nishimatsu Const.Co., Ltd. v. Houston Nat'l

Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  Accordingly, the Court has examined Axis' complaint, and the affidavits of Joel Sparrow and Kenneth Mullins.  The Court is satisfied that such foundation exists and finds as follows:

1.  Scott Smith breached the Port Risk Navigational Warranty, thereby voiding coverage;

2.  Scott Smith breached the absolute warranty of seaworthiness at inception of the policy as to the M/Y "Salute" and that such breach voided the Policy, leaving the Plaintiff with no liability for Defendant's losses or any losses associated with the sinking of the vessel;

3.  Scott Smith breached the negative modified warranty of seaworthiness as to the M/Y "Salute" and that such breach voided the Policy, leaving the Plaintiff with no liability for Defendant's losses or any losses associated with the sinking of the vessel;

4.  The cause of loss is excluded from property damage coverage as a consequence of wear and tear, gradual deterioration and corrosion of the port main engine fuel cooler raw water supply hose, which ultimately caused the sinking of the vessel; and

5.  The Policy of Insurance issued to Scott Smith for his 1992 57' Infinity Motor Yacht named "Salute" is null and void and there is no coverage under the policy for a loss that occurred on or about October 12, 2008.

The Court respectfully recommends that Axis Reinsurance Company's Motion for Entry of Final Default Judgment be GRANTED as set forth above.

The parties have ten (10) days from the date of service of this Report and Recommendation to file written objections with US District Judge Joan A. Lenard.  See 28 U.S.C. § 636.  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained in this Report and Recommendation.  See LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 24th day of July 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE